IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY CONSTRUCTION WORKERS FRINGE BENEFIT FUNDS, ) ) ) | FILED: AUGUST 19, 2008<br><br>08CV4700<br><br>JUDGE ANDERSEN<br><br>MAGISTRATE JUDGE COLE<br><br>NF |
| LAKE COUNTY PLASTERERS AND CEMENT MASONS FRINGE BENEFIT FUNDS, ) ) ) ) | |
| MICHAEL T. KUCHARSKI, as Administrative Manager, ) ) ) | CIVIL ACTION<br><br>NO. |
| OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, AFL-CIO, ) ) ) ) | |
| Plaintiffs, ) ) | JUDGE |
| vs. ) ) | |
| R. A. BRIGHT CONSTRUCTION, INC., an Illinois corporation, ) ) ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiffs, FOX VALLEY CONSTRUCTION WORKERS FRINGE BENEFIT

FUNDS, LAKE COUNTY PLASTERERS AND CEMENT MASONS FRINGE BENEFIT FUNDS,

and MICHAEL T. KUCHARSKI, as Administrative Manager of FOX VALLEY CONSTRUCTION

WORKERS FRINGE BENEFIT FUNDS and LAKE COUNTY PLASTERERS AND CEMENT

MASONS FRINGE BENEFIT FUNDS, and OPERATIVE PLASTERERS' AND CEMENT

MASONS' INTERNATIONAL ASSOCIATION, AFL-CIO, by their attorneys, complaining of the

Defendant, R. A. BRIGHT CONSTRUCTION, INC., an Illinois corporation, allege as follows:

### COUNT I-ERISA

1.       This action arises under the laws of the United States and is brought pursuant

to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145

(hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

2.       Plaintiffs, the FOX VALLEY CONSTRUCTION WORKERS FRINGE

BENEFIT FUNDS and LAKE COUNTY PLASTERERS AND CEMENT MASONS FRINGE

BENEFIT FUNDS are various welfare, pension and related joint labor-management funds and bring

this action as "employee welfare benefit funds" and "plans" under ERISA, and Plaintiff, MICHAEL

T. KUCHARSKI, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect

thereto.  Plaintiff Funds are administered within this District.

3.       Defendant is obligated to make fringe benefit contributions to the Funds,

under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining

the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement

adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

4.       As an employer obligated to make fringe benefit contributions to the Funds,

Defendant is specifically required to do the following:

(a)       To submit to Plaintiffs for each month, by the 20th day of the month
following the month for which the report is made, a report stating the names,
social security numbers, and total hours worked in such month by each and
every person on whose behalf contributions are required to be made by

2

Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)     To accompany the aforesaid reports with payment of contributions based upon the hourly rate as stated in the applicable agreements;

(c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages on any and all contributions which are not timely received by Plaintiffs for a particular month, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g)     To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5.     Defendant is delinquent and has breached its obligations to Plaintiffs and its

obligations under the plans in the following respects:

(a)     Defendant has failed and refused to submit all of its reports to Plaintiffs due to date, and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs;

(b)     Defendant has failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiffs;

3

(c)     Defendant has made payment of contributions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the collective bargaining agreement and Trust Agreements. Plaintiffs have assessed liquidated damages and interest against the Defendant as authorized by the Trust Agreements and ERISA, but Defendant has failed and refused to make payment of said liquidated damages and accrued interest;

(d)     Defendant has made payment to Plaintiffs of contributions by way of a certain check or checks in the total amount of $67,030.40, which check or checks were subsequently dishonored by its bank for insufficient funds, and said check or checks has not been replaced by Defendant.

6.     That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $108,106.57, known to be due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant and that additional amounts will come due during the pendency of this lawsuit.

7.     Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)     That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and

4

to comply with its contractual obligation to timely submit such reports in the future;

(C)    That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D)    That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II- LMRA

9.    The allegations of Paragraphs 1 through 8 are hereby incorporated by reference.

10.    This count arises under the laws of the United States and is brought pursuant to the Labor Management Relations Act, as amended, 29 U.S.C. § 185.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

11.    Plaintiff, OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, AFL-CIO (hereinafter "Local 11"), is an unincorporated, voluntary association, commonly referred to as a labor union, which exists for the purposes of representing employees in collective bargaining with their employers.  Local 11 is administered within this District.

12.    Defendant is bound to a collective bargaining agreement with Local 11 obligating Defendant to report and pay fringe benefit contributions and payroll deductions on behalf employees performing work covered by the collective bargaining agreement.

13.     As an employer obligated to report and pay fringe benefit contributions and payroll deductions on behalf of its bargaining unit employees, Defendant is specifically required to do the following:

(a)     To submit by the 20th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant; or, if no such persons are employed for a given month, to submit a report so stating;

(b)     To accompany the aforesaid reports with payment of contributions and payroll deductions based upon an hourly rate as stated in the applicable agreements;

(c)     To compensate the recipients of the contributions and payroll deductions for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions and deductions, by way of the payment of liquidated damages and interest;

(d)     To pay any and all costs incurred by the recipients of the contributions and payroll deductions in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(e)     To pay the reasonable attorneys' fees and costs necessarily incurred by the recipients of the contributions and payroll deductions in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(f)     To furnish Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future wages, contributions and/or payroll deductions due from Defendants for work covered by the collective bargaining agreement.

14.     Defendant is delinquent and has breached its obligations to Plaintiff Funds and its obligations under the plans in the following respect:

Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions and payroll deductions acknowledged by Defendant thereon to be due thereon.

6

15.    Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

16.    Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiff for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)     That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C)     That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, payroll deductions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the collective bargaining agreement, Trust Agreements, and in ERISA;

(D)     That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.


/s/   Patrick N. Ryan


Catherine M. Chapman
Patrick N. Ryan
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\Fvcwj\Bright, R.A. Construction\complaint.pnr.df.wpd